**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDUARD ASLANYAN, | No. 07-70935 |
| Petitioner, | Agency No. A075-734-788 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2011[**]

Before:     CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Eduard Aslanyan, a native and citizen of Armenia, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Morgan v. Mukasey*, 529 F.3d 1202, 1206 (9th Cir. 2008), and we review de novo due process claims, *Ram v. INS*, 243 F.3d 510, 516 (9th Cir. 2001). We deny the petition for review.

Substantial evidence supports the IJ's conclusion that Aslanyan was not credible because of the implausibility of his story that he changed his name in order to avoid persecution, *see Singh v. Gonzales*, 439 F.3d 1100, 1110 (9th Cir. 2006) (inherently unbelievable testimony may be a proper basis for an adverse credibility finding if IJ's logical inferences are supported by substantial evidence), and because Aslanyan failed to provide sufficient corroboration establishing his true identity, *see Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003) (identity is a key element of the asylum application that must be credibly established by the applicant); *see also Sidhu v. INS*, 220 F.3d 1085, 1089-92 (9th Cir. 2000) ("[I]f the trier of fact either does not believe the applicant or does not know what to believe, the applicant's failure to corroborate his testimony can be fatal to his asylum application."). Accordingly, in the absence of credible testimony, Aslanyan's asylum and withholding of removal claims fail. *See Farah*, 348 F.3d at 1156.

Because Aslanyan's CAT claim is based on the same evidence found to be not credible, and because he does not point to other evidence in the record that

would compel a finding it is more likely than not he would be tortured if he returned to Armenia, his CAT claim fails. *See id*. at 1156-57. Aslanyan's contention that the BIA failed to address his CAT claim adequately is belied by the record, and accordingly, his due process claim fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**